UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEKSANDAR SIMIC, Individually and on
Behalf of All Others Similarly Situated,

    Plaintiff,

    v.                        Case No. 12-CV-226

J.C. CHRISTENSEN & ASSOCIATES, INC.,

    Defendant.

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the Parties' request for preliminary approval of a Class Settlement Agreement ("Agreement") between Class Representative and Class Counsel with Defendant, J. C. Christensen & Associates, Inc. ("Defendant"), and notice to the Class, the Court being fully advised in the premises,

**IT IS HEREBY ORDERED:**

1. The Court finds that the proposed Settlement and Release, the terms of which are fully set forth in the Agreement, as within the range of fairness and reasonableness and grants preliminary approval to it.

2. For the purposes of settlement, the Parties stipulate to the certification of the class defined as follows: all natural persons in the State of Wisconsin who were sent a collection letter by Defendant seeking to collect a debt for personal, family or household purposes on or after March 6, 2011, that was not returned by the postal service. Based on its records, Defendant estimates that the class described above includes approximately 383 persons. Aleksandar Simic is appointed as Class Representative and Shpetim Ademi, John D. Blythin, and Ademi & O'Reilly, LLP are appointed as class counsel.

3. A Final Approval hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on November 16, 2012 at 9:30 a.m.

4. The Court approves a proposed form of notice to the class, to be directed to the last known address of the class members as shown on defendant's records. Defendant will mail, or caused to be mailed, either itself or through its claims administrator, notice to class members on or before August 20, 2012. Defendant, either itself or through its claims administrator, will have the notice sent by any form of U.S. Mail. Defendant, either itself or through its claims administrator, will also cause the settlement checks to be distributed.

5. The Court finds that mailing of class notice is the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P.23(c)(2)(B).

6. Class members shall have until 45 days from the date notice is mailed to them to opt out or object to the proposed settlement. Any class member who desires to exclude him or herself from the action must send his or her written request for exclusion in writing to counsel for Plaintiff by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of Wisconsin, Milwaukee Division and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement must also appear at the Final Approval hearing and be heard on the fairness of a settlement.

7. In order to receive a portion of the cash payment under the settlement, the class members must complete and return a claim form by 45 days from the date notice is mailed to them. The claim form will be provided with the class notice.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 19th day of July, 2012.

                                       BY THE COURT:

                                       *s/Nancy Joseph*
                                       NANCY JOSEPH
                                       United States Magistrate Judge